**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOWARD COHAN,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:15-cv-86-Orl-31DAB**

**SPARKLE TWO, LLC, a Florida Limited**
**Liability Company doing business as**
**Econolodge by Choice Hotels,**

       **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:  VERIFIED MOTION FOR DEFAULT FINAL JUDGMENT (Doc. No. 13)**
>
> **FILED:     July 8, 2015**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

    Plaintiff, having obtained a Clerk's default (Doc. 9), now moves for entry of final default judgment on his claim for injunctive relief, attorney's fees, expenses and costs pursuant to the Americans with Disabilities Act ("ADA"). As the relief sought is not warranted on this record, the undersigned **recommends** that the motion be **denied, without prejudice** to renewal on a more complete showing, as explained herein.

    **I. Legal Standards**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc*., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

Once liability is established, the Court turns to the terms of the judgment. Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in

-2-

amount, what is demanded in the pleadings." If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(1)-(2). Pursuant to Rule 55(b)(2), the Court "may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: A) conduct an accounting; B) determine the amount of damages; C) establish the truth of any allegation by evidence; or D) investigate any other matter." Thus, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

### II. The Allegations of the Complaint

For present purposes, the following allegations of the Complaint are relevant. Plaintiff is a resident of Palm Beach County, Florida, and is an individual suffering from a "qualified disability" under the ADA (Doc. 1, ¶¶ 3, 6). Plaintiff avers: "*Upon information and belief*, Defendant is the *lessee, operator, owner and lessor* of the Real Property, which is subject to this suit, and is located at 1614 US 1, Ormond Beach, Florida 3217 4 ("Premises"), and is the owner of the improvements where Premises is located." *Id.,*¶ 4 (emphasis added). Plaintiff alleges that he visited the Premises with an expert on September 1, 2014, and encountered several barriers to access, which constitute violations of the ADA. *Id.,*¶ 6,14, 15, 18. Plaintiff further alleges that "[s]ubsequent to the date of Plaintiffs visit to the Subject Facility, an expert determined that the violations referenced above were still outstanding." *Id.,*¶ 20. Plaintiff asserts that all of the violations are readily achievable to modify in order to bring the Premises into compliance with the ADA. *Id.*, ¶ 24. The Complaint seeks declaratory relief, attorney's fees and costs, and an injunction compelling that the violations be remedied.

### III. Analysis

Although well-pled factual allegations are admitted by virtue of the default, the Complaint here does not adequately set forth facts, as opposed to vague allegations made on "information and belief," to establish that *this* Defendant is the proper party responsible for redressing ADA violations at this Property. Indeed, the motion and supporting Affidavits give the Court reason to doubt that the Premises are properly identified and that this Defendant is properly before the Court.

As noted in the case caption, the "premises" seems to be an Econo Lodge in Ormond Beach. The expert report tendered by Plaintiff includes identification of the "property inspected" as the "Econo Lodge" and includes a picture of a sign identifying an Econo Lodge (Doc. 13-2). Although the Complaint implies that both Plaintiff and his expert visited the Econo Lodge, the tendered Affidavit of Plaintiff states: "On September 1, 2014, I personally visited *Defendant's property, namely the Scenic Gulf Inn and Suites* located at 1614 US 1, Ormond Beach, Florida 32174." (Doc. 13-1, emphasis added). The "Econo Lodge" is not mentioned in this Affidavit. The expert also tendered an Affidavit that includes an averment that she "personally visited *Defendant's property, namely the Scenic Gulf Inn and Suites . . .",* but incorporates a November 12, 2014 report that is directed to alleged deficiencies at the "Econo Lodge." (Doc. 13-2).

In addition to the inconsistency between sworn statements and the allegations of the Complaint, there is no factual basis pled (or offered in Affidavit or other evidentiary showing) to conclude this Defendant is, in fact, the "lessee, operator, owner and lessor"[1] of the Premises. Although Plaintiff asserts that this Defendant is responsible "upon information and belief," he does not proffer that information or any factual basis for that belief. As injunctive relief is sought, Plaintiff must establish that the correct party is before the Court. Absent such a showing and in view of the uncertainties raised above, the record is not sufficient to warrant issuance of an injunction at this time.

---

[1] The Court notes the unlikelihood that the same entity is both the lessor and the lessee of the real property.

It is therefore **respectfully recommended** that the motion be **denied, without prejudice** to renewal upon a more sufficient showing.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 28, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy